FRANKLIN BANK *versus* COOPER, *Executor.*

Where, in a suit upon several distinct indebtments, a set-off claim is allowed by the jury, the law presumes the amount to have been allowed ratably upon each of the indebtments.

A surety upon one of such indebtments, has no right to claim, that such set-off be applied by priority, upon that particular indebtment.

ON FACTS AGREED.

On Jan'y 11, 1849, an action in favor of the plaintiffs was pending against W. & H. Stevens, upon the following notes and drafts, on which said W. & H. Stevens were liable, viz.:

Three notes signed by them as principals, and by the defendant's testator, as surety; —

A draft made by J. O. P. & F. Stevens for $810,28, accepted by W. & H. Stevens, and indorsed to the plaintiffs;

A note made by J. O. P. Stevens for $1200, payable to W. & H. Stevens, and by them indorsed, waiving demand· and notice; —

A draft made by J. O. P. & F. Stevens, 'for $1425, accepted by W. & H. Stevens and indorsed to the plaintiffs; — also,—

A note made by W. & H. Stevens, for $600, negotiated to the plaintiffs.

On the same Jan'y 11, 1849, the plaintiffs held drafts of about $6000, against the firm of C. & G. W. Stevens.

The bark Keoka was placed in the hands of the plaintiffs, upon their written stipulation, that it should be sold, and its avails appropriated as follows; —

1. To discharge said drafts of about $6000, against C. & G. W. Stevens; —

2. to pay Franklin Stevens $1500 ; —

3. the residue to be applied "; on demands which the Franklin Bank, [the plaintiffs.] have against W. & H. Stevens.

The bark was sold, and its avails amounted to $8663,91, making a balance of $1253,64, to be appropriated according to said agreement, towards the said demands in suit against W. & H. Stevens.

For that balance W. & H. Stevens filed their set-off account in said suit and its amount was allowed by the jury, leaving a large judgment against W. & H. Stevens.

That judgment being unsatisfied, the plaintiffs have brought this action against the surety on the three first above mentioned notes, being a part of the demands upon which judgment against W. & H. Stevens was recovered.

Among said demands the one earliest payable was that of $1200, made by J. O. P. Stevens, and indorsed by said W. & H. Stevens. The demands which had the next earliest pay day were the notes now in suit.

The defendant contends that, as his testator was merely a surety, the said balance of $1253,64, should be applied to the notes which he signed, being the three notes now in suit. By agreement of parties, the action was then defaulted, and continued for such judgment as the law, upon said facts shall require.

*H. W. Paine,* for the plaintiffs.

1. The payment should be applied to the note for $1200, as that note was older and fell due before either of the notes in suit. *Boody* v. *United States,* 1 W. & M. 150 ; *Hager* v. *Borgent,* 1 Bay. (S. Car.) 497.

2. If this be *unsound,* it is then contended that the payment shall be applied first to the note for $600, as for this the plaintiffs had no security. *Portland Bank* v. *Brown,* 22 Maine, 295.

3. If neither proposition be sustained, then it is contended that the payment shall be applied *pro rata,* upon all the notes and drafts held by the plaintiffs, on which the judgment was

recovered. *Cumberland Bank* v. *Cunningham*, 24 Pick. 270 ; *Blackstone Bank* v. *Hill*, 10 Pick. 129.

*Evans*, for the defendant.

That claim against W. & H. Stevens, which first became payable, was for the debt of J. O. P. Stevens, on which W. & H. Stevens were merely indorsers or guarantors. Where the parties do not appropriate payments, the law will apply them to the proper individual debt of the payer, in preference to his liability for third persons. This, too, is the *justice* of the case. One's property should go to pay his own debts before those of another. The sureties have a right that it should be so applied.

It does not appear that W. & H. Stevens ever were informed of the receipt of these proceeds, or had opportunity to elect how they should be applied. It was not a *payment* in the ordinary mode.

The plaintiffs made no election where to apply it, but by bringing suit against W. & H. Stevens, *on all the demands held by them*, and giving no credit, elected not to allow it on any ; and the debtors may now elect. *Portland Bank* v. *Brown*, 22 Maine, 297.

Where money is paid, and no application is made by either of the parties, the law will make such application as it deems just and reasonable. *Robinson* v. *Doolittle*, 12 Vermont, 246.

It is just and reasonable that it should be applied to the *oldest debt* of the party paying, in preference to an older one where he is merely surety.

Howard, J. — On January 19, 1849, the plaintiffs received the proceeds of the bark Keoka, to be appropriated according to the terms of their written agreement with C. & G. W. Stevens, dated January 11, 1849. There was a provision in the agreement, that after certain specified payments were made, the remainder was to be applied " on demands the Franklin Bank have against W. & H. Stevens." The bank then had two drafts on W. & H. Stevens, and by them accepted, not then due, and a note of a prior date, signed by

them, payable to their own order on demand, and by them indorsed ; also a note over due, on which they were indorsers waiving demand and notice, together with the three notes now in suit.

After the maturity of the drafts, the plaintiffs sued W. & H. Stevens on all of the notes and drafts, in one action, and they filed in set-off, generally, the amount of the remainder thus received by the plaintiffs for their benefit, which was allowed by the jury, in set-off, generally, and judgment was rendered for the plaintiffs for the residue.

The testator was surety on the three notes in suit, but had no connection with any of the other notes mentioned, or with the drafts. The defendant insists, that the remainder of the proceeds of the bark should be applied, exclusively toward the payment of the notes in suit.

The general doctrine of the rights of debtors and creditors, respectively, to appropriate payments, does not appear to be involved in this case. For both debtors and creditors, in the former case, *(Bank* v. *W. & H. Stevens,)* having neglected previously to apply the payment, at the trial the debtors claimed to have it allowed against all of the demands in gross, and it was so appropriated, by consent of the creditors, or by operation of law.

The plaintiffs and the principal had a right to apply the payment to any or to all of the demands, as they preferred, and the defendant, as surety, cannot change their application. He does not appear to have had any legal connection with the fund from which the payment was made, and he has no right to complain of the appropriation.

The application of the payment has, in fact, been made in accordance with the original agreement of the plaintiffs, and the intention of the parties in interest. And it may fairly be deduced from the doctrines of the civil and the common law, on the imputation or appropriation of payments, as a just conclusion in this case, that as the plaintiffs blended their demands in one suit, forming but a single claim against W. & H. Stevens, and as the general payment was set off against

that claim, all the demands were satisfied ratably, and that the notes now in suit were paid in that proportion. Domat's Civil Law, by Strahan, B. 4, T. 1, § 4, Rule 7 ; 1 Poth. Obl., by Evans, Part 3, c. 1, Art. 7, § 532, Rule 5, n. a ; *Devaynes* v. *Noble,* 1 Meriv. 605 – 607 ; *Perris* v. *Roberts,* 1 Vernon, 34 ; *Shaw* v. *Picton,* 4 Barn. & Cress. 715 ; *Favenc* v. *Bennett,* 11 East, 42 ; *Pattison* v. *Hull,* 9 Cowen, 762 – 776, n. b ; *Blackstone Bank* v. *Hill,* 10 Pick. 129 ; *Commercial Bank* v. *Cunningham,* 24 Pick. 276.

The plaintiffs will have judgment upon the notes declared on, deducting the accounts paid, in the mode stated.

SHEPLEY, C. J., and TENNEY and WELLS, J. J., concurred.

